



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/24/2021

| | | |
|---|---|---|
| IN RE: | § | |
| BELK, INC., *et al* | § | CASE NO: 21-30630 |
| | § | |
| BELK DEPARTMENT STORES LP | § | CASE NO: 21-30625 |
| | § | |
| BELK ACCOUNTS RECEIVABLE LLC | § | CASE NO: 21-30626 |
| | § | |
| BEAR PARENT INC. | § | CASE NO: 21-30627 |
| | § | |
| BELK ECOMMERCE LLC | § | CASE NO: 21-30628 |
| | § | |
| BELK ADMINISTRATION, LLC | § | CASE NO: 21-30629 |
| | § | |
| BELK GIFT CARD COMPANY LLC | § | CASE NO: 21-30631 |
| | § | |
| BELK INTERNATIONAL, INC. | § | CASE NO: 21-30633 |
| | § | |
| BELK MERCHANDISING LLC | § | CASE NO: 21-30634 |
| | § | |
| BELK TEXAS HOLDINGS LLC | § | CASE NO: 21-30635 |
| | § | |
| BELK SOURCING LLC | § | CASE NO: 21-30636 |
| | § | |
| FASHION HOLDINGS INTERMEDIATE LLC | § | CASE NO: 21-30637 |
| | § | |
| BELK STORES OF MISSISSIPPI LLC | § | CASE NO: 21-30638 |
| | § | |
| BELK STORES OF VIRGINIA LLC | § | CASE NO: 21-30639 |
| | § | |
| BELK STORES SERVICES, LLC | § | CASE NO: 21-30640 |
| | § | |
| BELK-SIMPSON COMPANY, GREENVILLE, SOUTH CAROLINA | § | CASE NO: 21-30642 |
| | § | |
| FASHION INTERMEDIATE INC. | § | CASE NO: 21-30643 |
| | § | |
| THE BELK CENTER, INC., | § | CASE NO: 21-30644 |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | CHAPTER 11 |

## **DUE PROCESS PRESERVATION ORDER**

In the Confirmation Order issued on this date, the Court confirmed the Debtors' proposed Chapter 11 Plan filed at ECF No. 10 on February 23, 2021.  For the reasons set forth on the record, this Due Process Preservation Order is issued by the Court.

The Court Orders:

1. To the extent of any conflict between this Due Process Preservation Order and the Confirmation Order or the Chapter 11 Plan, this Due Process Preservation Order controls.

2. Each person and governmental unit will have until March 31, 2021 to elect to opt out of the releases contained in the Plan or the Confirmation Order.  The Debtors are ordered to prepare, in consultation with the United States Trustee, an appropriate opt out notice to be served on each "Releasing Party" along with a copy of this Order.  The Court will conduct a hearing on March 1, 2021 at 4:00 p.m. to approve the form of notice.

3. Any holder of a claim in Classes 1, 2, 3, 6, or 8, whether or not the claim is an allowed claim, may resolve any dispute with the Debtors about the payment or allowance of its claim in either (i) any court of competent jurisdiction; (ii) any arbitration tribunal to the extent that such claim is arbitrable under applicable non-bankruptcy law; or (iii) this Court.  The Debtors are barred from commencing any dispute in this Court to resolve any such dispute, and may not remove any such dispute to Federal Court on the basis of jurisdiction arising under § 1334.  Provided, the Court retains exclusive jurisdiction and will determine the application of (i) the statutory limitations contained in sections 502(a)(2), 502(a)(3), 502(a)(6), 502(a)(7), and 502(a)(8) of the Bankruptcy Code; and (ii) the limitations contained in sections 502(d), 502(e) and 502(h) of the Bankruptcy Code.

4. Notwithstanding paragraph 3 of this Order, the Court retains exclusive jurisdiction to determine whether an executory contract or lease may be assumed and/or assigned, and the terms of any such assumption and assignment.  Any holder of an executory contract or lease that objects to the assumption and or assignment of that executory contract or lease under the Plan, should immediately contact Matthew Fagen at matthew.fagen@kirkland.com, with such contact being made no later than March 24, 2021.  Any holder of any such executory contract or lease may file an objection to the assumption or rejection of the executory contract or lease not later than March 31, 2021.  The Court will conduct an initial status conference on any such objection on April 5, 2021 at 9:00 a.m.

5. The Court retains exclusive jurisdiction over the allowance and treatment of claims and interests in Classes 4, 5 and 9.

6. The exculpation provisions in the Plan and the Confirmation Order are limited to those exculpations that are permitted by *In re Pac. Lumber Co.,* 584 F.3d 229 (5th Cir. 2009).  This Court retains exclusive jurisdiction to determine the application and scope of the exculpation provisions.

7.      Any person or governmental unit alleging that it had inadequate due process notice and opportunity to object to the Plan or Confirmation order may file an objection to the Plan or Confirmation Order not later than March 31, 2021. The Court will conduct an initial status conference on any such objection on April 5, 2021 at 9:00 a.m. If any person or government unit demonstrates a deprivation of its due process rights, the Court will issue an appropriate order that fully vindicates those due process rights. No prejudice will be imposed on any such person or governmental unit based on estoppel or mootness as a consequence of the Plan or the Confirmation Order.

8.      Any person or governmental unit may seek an emergency hearing at any time to assure that their due process rights are fully protected.

SIGNED 02/24/2021

Marvin Isgur
United States Bankruptcy Judge