# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| BELK, INC., *et al.*,[1] | ) Case No. 21-30630 (MI) |
| Reorganized Debtors. | ) (Jointly Administered) |

## REORGANIZED DEBTORS' **EMERGENCY** MOTION FOR ENTRY OF A FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES

> **Emergency relief has been requested.**
>
> **If you object to the requested relief or you believe that emergency consideration is not warranted, you must file a written response prior to the below date by which relief is requested. Otherwise, the Court may treat the request as unopposed and grant the relief requested.**
>
> **Relief is requested not later than March 31, 2021.**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and before the Effective Date (as defined herein), the "Debtors") state as follows in support of this emergency motion (this "Motion"):

### Relief Requested

1. The Reorganized Debtors seek entry of a final decree, substantially in the form attached hereto (the "Final Decree"), (a) closing each of the Debtors' chapter 11 cases other than the case of Bear Parent Inc., Case No. 21-30627 (the "Remaining Case"); and (b) granting related relief.

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.primeclerk.com/belk. The location of the Reorganized Debtors' service address is 2801 West Tyvola Road, Charlotte, North Carolina 28217.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3022, and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

5. On February 23, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, and the Court entered an order [Docket No. 6] directing procedural consolidation and joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).[2]

6. The Debtors' chapter 11 cases, other than the Remaining Case (collectively, the "Affiliate Cases," and the Debtors therein, the "Affiliate Debtors"), are as follows:

| Debtor | Case Number |
|---|---|
| Belk, Inc. | 21-30630 |
| Belk Accounts Receivable LLC | 21-30626 |
| Belk Administration, LLC | 21-30629 |
| Belk Department Stores LP | 21-30625 |
| Belk Ecommerce LLC | 21-30628 |
| Belk Gift Card Company LLC | 21-30631 |

---

[2] A description of the Debtors' business, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of William Langley, Chief Financial Officer of Belk, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 8] (the "First Day Declaration"), incorporated herein by reference.

2

| | |
|---|---|
| Belk International, Inc. | 21-30633 |
| Belk Merchandising LLC | 21-30634 |
| Belk Sourcing LLC | 21-30636 |
| Belk Stores of Mississippi LLC | 21-30638 |
| Belk Stores of Virginia LLC | 21-30639 |
| Belk Stores Services, LLC | 21-30640 |
| Belk Texas Holdings LLC | 21-30635 |
| Belk-Simpson Company, Greenville, South Carolina | 21-30642 |
| Fashion Holdings Intermediate LLC | 21-30637 |
| Fashion Intermediate Inc. | 21-30643 |
| The Belk Center, Inc. | 21-30644 |

7. On February 24, 2021, the Court confirmed the *Joint Prepackaged Plan of Reorganization of Belk, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Technical Modifications)* [Docket No. 10] (the "Plan")[3] and entered the *Order Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Joint Prepackaged Chapter 11 Plan* [Docket No. 61] (the "Confirmation Order") and the *Due Process Preservation Order* [Docket No. 62] (the "Due Process Preservation Order").

8. On February 24, 2021, the Debtors substantially consummated the Plan and the effective date of the Plan (the "Effective Date") occurred.[4] The only material remaining matters requiring resolution in these chapter 11 cases are: (a) potential disputes (if any) regarding the matters described in the Due Process Preservation Order (the "Preserved Matters"); and (b) professional retention applications and final fee applications. The Court has scheduled a status conference for April 5, 2021 at 9:00 a.m. (CT) to address disputes regarding certain Preserved Matters, to the extent such disputes arise. Given the nature of the Plan and the extensive notice provided to parties in interest, the Reorganized Debtors expect that there will be very few, if any,

---

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

[4] *See Notice of (I) Entry of Order Approving the Debtors' Disclosure Statement For, and Confirming, the Debtors' Joint Prepackaged Chapter 11 Plan and (II) Occurrence of the Effective Date* [Docket No. 66].

disputes regarding the Preserved Matters; and that very few, if any, of any such disputes will require formal adjudication.

9. Additionally, the Reorganized Debtors have filed applications to retain various professionals (the "Retention Applications"), and professionals retained by the Reorganized Debtors will file fee applications (the "Fee Applications"), which, under the Plan, must be filed no later than 45 days after the Effective Date. Although the Reorganized Debtors do not anticipate any significant contested matters in their chapter 11 cases, miscellaneous motions, applications, pleadings, or other matters or proceedings may arise from time to time in respect of the Affiliate Cases (together with the Retention Applications, the Fee Applications and any Preserved Matters, the "Remaining Matters").

10. Aside from the Remaining Matters (to the extent they pertain to the Affiliate Cases), the Reorganized Debtors do not expect that there will be any other substantive motions or matters to be resolved in the Affiliate Cases after the Effective Date. Thus, the Remaining Matters can be administered in the Remaining Case without any substantive impact on any party in interest and leaving the Affiliate Cases open going forward would impose significant administrative costs on the Reorganized Debtors.

11. Accordingly, the Reorganized Debtors request entry of the Final Decree, substantially in the form attached hereto, closing all cases other than the Remaining Case. The Reorganized Debtors have discussed this request with the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and the U.S. Trustee is not opposed to the relief requested.

## Basis for Relief

12. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."

Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party-in-interest, shall enter a final decree closing the case."

13. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a. whether the order confirming the plan has become final;

    b. whether deposits required by the plan have been distributed;

    c. whether the property proposed by the plan to be transferred has been transferred;

    d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e. whether payments under the plan have commenced; and

    f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). Courts look "to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).

14. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *In re JCP Props., Ltd.*, 540 B.R. at 605 (commenting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]"); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial

consummation as a factor in determining whether to close a case); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (same).[5]

15. All of these factors need not be present before a court will enter a final decree. *See, e.g.*, *Walnut Assocs.*, 164 B.R. at 493. For example, pending adversary proceedings do not necessarily preclude a court from entering a final decree. *See In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462 (Bankr. N.D. Ill. 1998) (entering a final decree when an adversary proceeding was pending and the debtors still needed to make certain distributions); *In re Valence Tech.*, No. 12-11580-CAG, 2014 WL 5320632, at *4 (W.D. Tex. Oct. 17, 2014) ("[I]t is well-established that '[t]he continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered.''") (citation omitted).

16. Here, the relevant factors weigh strongly in favor of closing each of the Affiliate Cases. The Confirmation Order is now a final order, and as the Effective Date of the Plan has occurred, the Plan has been substantially consummated. Thus, each of the Affiliate Cases has been "fully administered."

17. To the extent that the payment of certain claims remains pending pursuant to the Plan, the Reorganized Debtors will pay such claims after the Effective Date in accordance with the Plan. Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. Advisory Comm. Note (1991). Furthermore, the entry of a final decree closing the Affiliate Cases is without prejudice to

---

[5] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

creditors' rights to petition the Court to reopen any of such cases pursuant to section 350(b) of the Bankruptcy Code.

18. Any Remaining Matters pertaining to the Affiliate Cases can be addressed in the Remaining Case without keeping the Affiliate Cases open.  Closing the Affiliate Cases will have no impact on the resolution of any remaining claims or distributions, other legal entitlements under the Plan, or the substantive rights of any party in interest.

19. For these reasons, closing the Affiliate Cases is appropriate.  Accordingly, the Reorganized Debtors request the Court enter the Final Decree, closing each of the Affiliate Cases, while retaining jurisdiction over the Remaining Matters (and any other matters pending in the cases).

## Emergency Consideration

20. Pursuant to Local Rule 9013-1(i), the Reorganized Debtors respectfully request emergency consideration of this Motion.  Prompt entry of the Final Decree will allow the Reorganized Debtors to save administrative costs that would accrue if the Affiliate Cases were to remain open.

## Notice

21. The Reorganized Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the ABL Facility and counsel thereto; (d) the administrative agent under the Debtors' prepetition term loan facilities and counsel thereto; (e) counsel to the Ad Hoc First Lien Term Lender Group; (f) counsel to the Ad Hoc Crossover Lender Group; (g) counsel to the Sponsor; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which the Debtors conduct business;

(l) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Reorganized Debtors request that the Court enter a final decree, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
March 17, 2021

/s/ Kristhy M. Peguero

| | |
|---|---|
| Kristhy M. Peguero (TX Bar No. 24102776) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | Steven N. Serajeddini, P.C. (admitted *pro hac vice*) |
| **JACKSON WALKER L.L.P.** | Matthew C. Fagen (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | **KIRKLAND & ELLIS LLP** |
| Houston, Texas 77010 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Telephone:   (713) 752-4200 | 601 Lexington Avenue |
| Facsimile:   (713) 752-4221 | New York, New York 10022 |
| Email:   kpeguero@jw.com | Telephone:   (212) 446-4800 |
|     mcavenaugh@jw.com | Facsimile:   (212) 446-4900 |
| | Email:   joshua.sussberg@kirkland.com |
| *Proposed Co-Counsel to the Reorganized Debtors* |     steven.serajeddini@kirkland.com |
| |     matthew.fagen@kirkland.com |
| | *Proposed Co-Counsel to the Reorganized Debtors* |

**Certificate of Accuracy**

I certify that that the foregoing statements are true and accurate to the best of my knowledge.  This statement is being made pursuant to Local Rule 9013-1(i).

*/s/  Kristhy M. Peguero*
Kristhy M. Peguero

**Certificate of Service**

I certify that on March 17, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/  Kristhy M. Peguero*
Kristhy M. Peguero

## Certificate of Conference

     I certify that I corresponded with Hector Duran, trial attorney with the Office of the United States Trustee for the Southern District of Texas, and Mr. Duran stated that he is not opposed to the relief requested in this Motion.

                                        */s/ Kristhy M. Peguero*
                                        Kristhy M. Peguero