

ENTERED
03/31/2021

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BELK, INC., *et al.*,[1] | ) ) | Case No. 21-30630 (MI) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered)<br>**Re: Docket No. 158** |

## FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES

Upon the emergency motion (the "Motion")[2] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors") for the entry of a final decree (this "Final Decree") closing certain of the chapter 11 cases and granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors, the Debtors' creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.primeclerk.com/belk. The location of the Reorganized Debtors' service address is 2801 West Tyvola Road, Charlotte, North Carolina 28217.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Each of the following chapter 11 cases (the "Affiliate Cases") is closed; *provided* that the Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and the Due Process Preservation Order:

| Debtor | Case Number |
| --- | --- |
| Belk, Inc. | 21-30630 |
| Belk Accounts Receivable LLC | 21-30626 |
| Belk Administration, LLC | 21-30629 |
| Belk Department Stores LP | 21-30625 |
| Belk Ecommerce LLC | 21-30628 |
| Belk Gift Card Company LLC | 21-30631 |
| Belk International, Inc. | 21-30633 |
| Belk Merchandising LLC | 21-30634 |
| Belk Sourcing LLC | 21-30636 |
| Belk Stores of Mississippi LLC | 21-30638 |
| Belk Stores of Virginia LLC | 21-30639 |
| Belk Stores Services, LLC | 21-30640 |
| Belk Texas Holdings LLC | 21-30635 |
| Belk-Simpson Company, Greenville, South Carolina | 21-30642 |
| Fashion Holdings Intermediate LLC | 21-30637 |
| Fashion Intermediate Inc. | 21-30643 |
| The Belk Center, Inc. | 21-30644 |

2. The case of Bear Parent Inc., Case No. 21-30627 (the "Remaining Case"), shall remain open pending the entry of a final decree by the Court closing the Remaining Case.

3. All Remaining Matters, whether they pertain to the Remaining Case or an Affiliate Case, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any of the Affiliate Cases.

4. The Reorganized Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) by remitting payment to the United States

Trustee Payment Center, P.O. Box 6200-19, Portland, Oregon, 97228-6200 no later than the date on which such quarterly fees are due.  The Reorganized Debtors shall furnish evidence of such payment to the acting U.S. Trustee, 515 Rusk, Suite 3516, Houston, Texas 77002.  The payment shall reflect the account number(s) of the applicable Reorganized Debtor(s) and shall be transmitted with a "Chapter 11 Quarterly Disbursement and Fee Report" available from the U.S. Trustee.  The Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

5.  By no later than April 21, 2021, the Reorganized Debtors shall file in the Remaining Case a post-confirmation report for the Remaining Case and the Affiliate Cases for the first quarter of 2021 through the date of entry of this Final Decree and shall serve a true and correct copy of such report on the U.S. Trustee.

6.  Entry of this Final Decree is without prejudice to (a) the rights of the Debtors, the Reorganized Debtors, or any party in interest to seek to reopen any of the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Debtors, the Reorganized Debtors, or any Entity authorized pursuant to the Plan, as applicable, to dispute, in the Court or any applicable non-bankruptcy forum, any claims filed against the Debtors in the Debtors' chapter 11 cases, as provided in the Plan, the Confirmation Order, and the Due Process Preservation Order.  Notwithstanding anything to the contrary contained in the Plan, any failure of the Debtors, the Reorganized Debtors, or any Entity authorized pursuant to the Plan, as applicable, to file an objection to a claim in the Debtors' chapter 11 cases shall not constitute allowance of the claim and shall not result in such claim being deemed allowed against any Debtor.

7. Quarterly disbursements for the Remaining Case will be reported and applicable statutory fees for the Remaining Case will be paid pending the entry of a final decree by the Court closing the Remaining Case.

8. Any further reporting concerning the administration of the assets and liabilities of the Affiliate Debtors shall occur only in the Remaining Case. A docket entry shall be made in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Bear Parent Inc., Case No. 21-30627. The docket in Case No. 21-30627 should be consulted for all matters affecting this case.

9. Notwithstanding anything contained in the Confirmation Order, the Plan, or any order approving the retention of Professionals (as defined in the Plan), the Reorganized Debtors are authorized to pay the (a) Restructuring Fee (as defined in Lazard Frères & Co. LLC's retention application [Docket No. 151]) and (b) fees and expenses of the Professionals in an amount not to exceed $380,000 in the aggregate for services rendered to the Debtors during the period from the Petition Date through the entry of the Confirmation Order. The Reorganized Debtors may pay the amounts set forth in this paragraph 9 without any application to, or further order of, the Court.

10. Notwithstanding anything to the contrary in this Final Decree, the Bankruptcy Rules, or the Local Rules, all of the terms and conditions of this Final Decree shall be effective and enforceable upon its entry.

11. The Debtors, the Reorganized Debtors, and any Entity authorized pursuant to the Plan, and their respective agents, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Signed: March 31, 2021

_____
Marvin Isgur
United States Bankruptcy Judge